IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GRAHAM SCHIFF, | |
| Plaintiff, | |
| v. | Civil Action No.: JKB-22-3383 |
| BRIAN FROSH, et al., | |
| Defendants. | |

## MEMORANDUM

On December 30, 2022, self-represented Plaintiff Graham Schiff filed the above-captioned Complaint along with a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which will be granted. Also pending are Plaintiff's Motion for Preliminary Injunction (ECF No. 4) and Motion to Amend Defendant (ECF No. 6). For the reasons discussed below, the Complaint must be dismissed.[1]

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal

---

[1] Plaintiff seeks to substitute Anthony Brown, in his capacity as the Attorney General of Maryland for Defendant Brian Frosh, who was the Attorney General at the time Plaintiff filed his Complaint. ECF No. 6. The Motion will be granted.

construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

The Complaint challenges the validity of the Maryland criminal statute on stalking, Md. Code Ann., Crim Law § 3-802, arguing that the emotional distress provision is facially overbroad in violation of the First Amendment. ECF No. 1. Plaintiff seeks injunctive relief invalidating the provision. *Id.* at 6. However, Plaintiff fails to demonstrate that he has standing to bring such a claim.

"[A]t an irreducible minimum, Article III requires the party who invokes the Court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).

To demonstrate constitutional standing, three elements must be established by the plaintiff: (1) that he or she "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical;'" (2) that there is a "casual connection between the injury and the conduct complained of—the injury

has to be fairly ... trace[able] to the challenged action of the defendant;" and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. The injury required for standing need not be actualized. *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008). A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct. *Id.*

Relevant here, it is well-established that in order to challenge the validity of a criminal statute, a plaintiff must show "a threat of prosecution under the statute to present a case or controversy." *Doe v. Duling*, 782 F.2d 1202, 1205-06 (4th Cir. 1986) (citing *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298-99 (1979); *Wooley v. Maynard*, 430 U.S. 705, 711-12 (1977); *Ellis v. Dyson*, 421 U.S. 426, 433 (1975); *Steffel v. Thompson*, 415 U.S. 452, 458-60 (1974); *Younger v. Harris*, 401 U.S. 37, 41-42 (1971)). Plaintiff must show more than the fact that state officials are ready to perform their general duty to enforce laws. *Poe v. Ullman*, 367 U.S. 497, 501 (1961); *Watson v. Buck*, 313 U.S. 387, 399 (1941).

Here, Plaintiff presents only a generalized challenge to the constitutionality of the Maryland statute and enforcement of the statute by the Maryland Attorney General. At best, he asserts that the consequences of the statute's overbreadth were demonstrated in his own case, citing his appellate case affirming his conviction. *See* ECF No. 1 at 3. However, nothing in the Complaint indicates that Plaintiff seeks to challenge his own conviction under the statute or that he is at risk of future prosecution under the statute. As such, Plaintiff has not shown that there is a real or immediate threat to him and thus he lacks standing to bring this suit. Accordingly, Plaintiff's Complaint must be dismissed and his motion for injunctive relief denied. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (stating that a party seeking injunctive relief must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable

harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest)).

A separate Order follows.

Dated this ___8___ day of ___March___, 2023.

FOR THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge